IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW MOREAU, )
)
   Plaintiff, )
)
v. ) No. 8 17-CV-524-T-33-AEP
)
CREDIT ONE BANK, N.A. )
)
)
   Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, ANDREW MOREAU ("Plaintiff"), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, CREDIT ONE BANK, N.A. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Defendant conducts business in St. Petersburg, Pinellas County, Florida.

1

6. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in St. Petersburg, Pinellas County, Florida.

8. Plaintiff is a consumer as that term is defined by the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FCCPA.

10. Defendant is a debt collector as that term is defined by the FCCPA.

11. Within the last two years, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is based in Las Vegas, Clark County, Nevada.

13. Defendant is a business entity engaged in the collection of debt within the State of Florida.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number ending in 5514 to collect on a debt that Plaintiff does not owe.

18. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on the

alleged debt that Plaintiff does not owe.

19. None of the calls Defendant made to Plaintiff were for an emergency purpose.

20. In or around December, 2016, Defendant began calling Plaintiff's cellular telephone from the following telephone numbers: 972-246-3700.

21. The following telephone number is Defendant's phone number: 972-246-3700.

22. On or about December 9, 2016, Plaintiff requested Defendant stop calling Plaintiff's cellular telephone.

23. Since December 9, 2016, Plaintiff has requested Defendant stop calling his cellular telephone several times.

24. Despite Plaintiff's multiple requests that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

25. On January 10, 2017, Agruss Law Firm, LLC, mailed Defendant a letter requesting Defendant stop calling Plaintiff's cellular telephone.

26. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

27. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

28. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

29. Defendant did not have permission to call Plaintiff's cellular telephone using an automatic telephone dialing system.

30. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

3

31. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

32. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

33. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

41. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Defendant violated the FCCPA based on the following:

   a. Defendant violated the §559.72(7) of the FCCPA by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

WHEREFORE, Plaintiff, ANDREW MOREAU, respectfully requests judgment be entered against Defendant, CREDIT ONE BANK, N.A., for the following:

43. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

44. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

45. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

46. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

47. Plaintiff repeats and re-alleges paragraphs 1-41 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. Defendant's conduct violated the TCPA by:

5

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ANDREW MOREAU, respectfully requests judgment be entered against Defendant, CREDIT ONE BANK, N.A., for the following:

49. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

50. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

51. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

52. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

February 27, 2017

By: /s/
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff